Filed 8/28/25  P. v. Williams CA5
Opinion following transfer from Supreme Court

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KYLE ANDREW WILLIAMS,<br><br>Defendant and Appellant. | F085868<br><br>(Super. Ct. No. 1422550)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Danalynn Pritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell and Kimberley A. Donohue, Assistant Attorneys General, Darren K. Indermill and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Petitioner Kyle Andrew Williams petitioned the trial court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for attempted murder (§§ 187, 664).  The trial court denied the petition at the prima facie stage after determining that petitioner was "prosecuted and convicted as the direct perpetrator of the attempted murder" and therefore was ineligible for resentencing as a matter of law.  Notably, the court based this determination in part on its review of transcripts from petitioner's preliminary hearing and plea colloquy.

On appeal, petitioner initially argued the court erred in denying his facially sufficient petition at the prima facie stage by engaging in impermissible factfinding based on the preliminary hearing transcript and change of plea.  He further argued that neither his plea nor his counsel's stipulation to a factual basis for the plea rendered him ineligible for resentencing.

In our original opinion, the majority held the record of conviction did not establish petitioner's ineligibility for resentencing as a matter of law.  Accordingly, we reversed in a divided opinion.  (*People v. Williams* (June 28, 2024, F085868) opn. ordered nonpub. July 16, 2025, S286314; see *ibid*. (dis. opn. of Meehan, J.).)

The People petitioned the California Supreme Court for review.  The state high court granted review (S286314), and eventually transferred the matter to us with directions to vacate our opinion and reconsider the cause in light of *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*).  Pursuant to the high court's order, we vacated our prior opinion.  The parties submitted briefing on the effect of *Patton* on the issues raised in this appeal.

---

[1] Undesignated statutory references are to the Penal Code.  Former section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We refer to the current section 1172.6 in this opinion.

Having reconsidered the cause in light of *Patton*, we now remand with directions for the superior court to consider an amended petition, should petitioner seek to file one within 30 days. We otherwise affirm the order denying the petition.

## FACTUAL BACKGROUND

Several percipient witnesses testified at the preliminary hearing. We briefly summarize their testimony from the preliminary hearing transcript, while acknowledging that the propriety of the court relying on this testimony is a subject of dispute in this appeal.

On May 19, 2010, Donald W.[2] drove his minivan to an apartment complex in Modesto. With him were his nephew, Nathaniel W., and Nathaniel's friends, brothers Brandon R. and Michael R., who went to the apartment complex to sell someone marijuana. Michael was armed with a firearm because Brandon asked him to bring a gun. Donald was in the driver's seat, Nathaniel was in the front passenger seat, Michael was in the rear passenger side seat, and Brandon initially was in the rear driver's side seat.

At some point while they were at the apartment complex, a gold Saturn arrived and blocked in the minivan. Michael removed his firearm from his pocket and loaded it, before putting it back in his pocket in its holster. Brandon got out and stood on the driver's side of the minivan. Petitioner got out of the Saturn; someone else remained in the Saturn's driver's seat.

Petitioner got into the rear driver's side seat of the minivan. The van's door closed behind him. Petitioner asked about the marijuana and said it looked fine or smelled good, but then pulled a revolver from his backpack and pointed it at Michael's head. Petitioner said, "You're dead. I've got nothing to live for. Times are tough. I'm robbing everybody

---

[2] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

for everything." According to Donald, petitioner also pointed the gun at Donald's head. Petitioner demanded the keys to the minivan. Donald gave petitioner the keys. Michael turned to look at the car door to see if he could escape, then turned back toward petitioner. Around the same time, petitioner shot Michael in the face. Michael estimated that the entire encounter lasted 45 seconds to two minutes.

Michael survived the shooting but spent 14 days in the hospital.

## PROCEDURAL HISTORY

On April 18, 2011, the Stanislaus County District Attorney filed an information charging petitioner with premeditated and deliberate attempted murder of Michael (§§ 187, subd. (a), 664; count I), robbery of Donald (§ 211; count II), and making criminal threats against Michael (§ 422; count III). As to count I, it was alleged that petitioner personally and intentionally discharged a firearm, proximately causing great bodily injury (§ 12022.53, subd. (d)). As to counts II and III, it was alleged that petitioner personally and intentionally used and discharged a firearm (§ 12022.53, subds. (b), (c)).

On August 7, 2012, petitioner entered a plea of no contest to the attempted murder of Michael on count I, and the second degree robbery of Donald on count II. On count I, petitioner admitted enhancements for personal use of a firearm (§ 12022.53, subd. (b)) and for causing great bodily injury (§ 12022.7). Petitioner did not admit the allegation that the attempted murder was premeditated, and the prosecutor indicated the parties' understanding was that this allegation would be dismissed. All remaining counts and enhancements were dismissed. Counsel for all parties stipulated that the preliminary hearing transcript provided a sufficient factual basis for the plea. In addition, the prosecutor offered the following factual basis for the plea, to which defense counsel also stipulated:

> "On May 19th, 2010, [petitioner] took at least one direct but . . . ineffective
> step toward killing the victim Michael [R.]. [Petitioner] intended to kill

4.

victim Michael [R.]. [Petitioner] personally used a firearm in the commission of the offense. And [petitioner] personally inflicted great bodily injury on Michael [R.] during the course of the felony. [¶] In addition, [petitioner] took property not his own from the presence, possession and immediate presence of Donald [W.]. The property was taken against the will of Donald [W.]. [Petitioner] used force . . . and/or fear when taking the property to prevent the resistance, and [petitioner] intended, while using the force or fear, . . . with the intent to deprive [Donald] of it permanently. This took place in Stanislaus County on or about 19th day of May, 2010."

Petitioner was sentenced to an aggregate term of 23 years.

On August 29, 2022, petitioner filed a section 1172.6 petition for resentencing on his conviction for attempted murder. The People opposed the petition on the ground the charge and plea established petitioner's ineligibility for resentencing as a matter of law, and substantial evidence from the preliminary hearing supported a finding that petitioner acted with intent to kill. The People argued that no facts were presented at the preliminary hearing to support a theory of implied malice and the charge of malice aforethought did not permit a plea based on imputed malice. The People argued the undisputed facts showed that petitioner shot Michael in the head and there was therefore no basis to conclude he was convicted under a natural and probable consequences theory. In reply, petitioner argued that he had pled a prima facie case and was entitled to an evidentiary hearing.

The court held a hearing on the petition. The People argued petitioner was not entitled to resentencing because he pled guilty to premeditated attempted murder[3] with personal use of a firearm. In its written decision, the court explained that it had reviewed the complaint, transcripts of the change of plea hearing and preliminary hearing, and the abstract of judgment. Based on review of these documents, the court determined that petitioner was prosecuted as a direct perpetrator and "not on a theory of felony murder or

---

[3] In actuality, petitioner pled no contest to attempted murder and did not admit the premeditation allegation.

a theory of natural and probable consequences." The court noted petitioner was originally charged with premeditated and intentional attempted murder involving personal and intentional discharge of a firearm. He then entered a no contest plea to attempted murder with malice aforethought and admitted personally using a firearm and personally inflicting great bodily injury. The court also noted that the preliminary hearing testimony "demonstrates that [petitioner] was accused of personally firing a firearm directly at Michael [R.] during a transaction for drugs." Accordingly, the court determined, petitioner was prosecuted as the direct perpetrator of the attempted murder and "would still be convicted of attempted murder" under current law. On that basis, the petition was denied.

## DISCUSSION

### I. Section 1172.6 Procedure

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) "altered the substantive law of murder in two areas." (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).) First, the bill narrowed the scope of the felony-murder rule "so that a 'participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs' can be liable for murder only if '[t]he person was the actual killer'; '[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree'; or '[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life.' " (*People v. Arellano* (2024) 16 Cal.5th 457, 467–468, quoting § 189, subd. (e)(1)–(3).) Second, the bill "eliminate[d] liability for murder as an aider and abettor under the natural and probable consequences doctrine" by requiring that, "except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder." (*Curiel*, at p. 449, quoting § 188, subd. (a)(3).) Now, " '[m]alice shall not be

imputed to a person based solely on his or her participation in a crime.' " (*Curiel*, at p. 449.)

Additionally, Senate Bill No. 1437 added former section 1170.95, now section 1172.6, to provide a procedure for those convicted of a qualifying offense " 'to seek relief' where the two substantive changes described above affect a defendant's conviction." (*Curiel*, *supra*, 15 Cal.5th at p. 449.) Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *People v. Strong* (2022) 13 Cal.5th 698, 708.) If the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subds. (c), (d)(1).)

The court's prima facie inquiry is limited but involves more than an inquiry into the petition's mere facial validity. (*Patton*, *supra*, 17 Cal.5th at pp. 562–563.) In the prima facie inquiry, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if [those] factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) However, the court may rely on "unchallenged, relief-foreclosing facts within a preliminary hearing

7.

transcript to refute conclusory, checkbox allegations" contained in the petition without resorting to judicial factfinding. (*Patton*, *supra*, 17 Cal.5th at p. 564.) "[P]etitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail. . . . [S]hould a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage and should instead grant petitioner an evidentiary hearing, assuming relief is not otherwise foreclosed." (*Id.* at p. 567.)

We review the court's prima facie determination de novo. (*People v. Hickman* (2025) 110 Cal.App.5th 1262, 1268.)

## II. A Limited Remand Is Appropriate in Light of *Patton*

Petitioner initially argued that the court engaged in impermissible factfinding at the prima facie stage by relying on the preliminary hearing transcript to find him ineligible for relief. Petitioner does not dispute, however, that this issue since has been resolved adversely to him in *Patton*. *Patton* makes clear that the court may rely on unchallenged facts within the preliminary hearing transcript to refute the allegations contained in a form petition without resorting to judicial factfinding. (*Patton*, *supra*, 17 Cal.5th at p. 564.) Petitioner does not suggest that the preliminary hearing transcript lacks "relief-foreclosing facts" regarding his role in the murder that support denial of the petition. (*Ibid.*) Accordingly, the court did not err in relying on the preliminary hearing transcript to conclude petitioner is ineligible for resentencing.

Nonetheless, relying on *Patton*, petitioner asks us to conditionally reverse the order denying the petition to afford him an opportunity to allege additional facts establishing a prima facie case. In *Patton*, the petitioner requested an opportunity to plead additional facts on remand and, "out of an abundance of caution," the high court agreed to afford him that opportunity. However, the high court otherwise affirmed the judgment of the Court of Appeal, which had affirmed the order denying the petition.

(*Patton*, *supra*, 17 Cal.5th at pp. 569–570.)  Here, the People contend it is "questionable" whether a limited remand would be appropriate in light of the record, which the People describe as "conclusively establish[ing] that [petitioner] is ineligible for resentencing as a matter of law."  Nonetheless, the People acknowledge the remedy provided in *Patton*, as well as more recently in *People v. Glass* (2025) 110 Cal.App.5th 922, includes an opportunity to develop nonconclusory allegations on remand, and the People therefore do not oppose petitioner's request for a limited remand.

Out of an abundance of caution, we will follow our Supreme Court's procedure in *Patton* and allow petitioner an opportunity to file an amended petition pleading additional facts on remand, should he choose to do so.

## DISPOSITION

The matter is remanded with directions for the superior court to consider an amended petition should petitioner, within 30 days of remand, seek to file one.  (*Patton*, *supra*, 17 Cal.5th at p. 570.)  The order denying the petition for resentencing is otherwise affirmed.


                                                            DETJEN, Acting P. J.
WE CONCUR:


MEEHAN, J.


SNAUFFER, J.

9.